NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-125-HRW

JASON BLEVINS                                                                         PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

OFFICER HOWARD, et al.                                                    DEFENDANTS

**** **** ****

Jason Blevins, an individual currently incarcerated in the Little Sandy Correctional Complex ("LSCC"), in Sandy Hook, Kentucky, has submitted a prisoner *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and has been granted permission to proceed *in forma pauperis*.

The Complaint is now before the Court for initial screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening of a *pro se* pleading, the document is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his complaint are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.  28 U.S.C. § 1915(e)(2)(B).

**CLAIMS**

Plaintiff complains of a strip search of himself and another prisoner in a public area of the institutional kitchen, as being unconstitutional, specifically, a violation of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; as contravening Kentucky Department of Corrections ("KDOC") Policy and Procedures ("CPP") No. 9.8; and as occurring as a result of officials' negligence.

## DEFENDANTS

As the Defendants, the Plaintiff has named the guard who conducted the search, LSCC Correctional Officer Howard, Badge No. 513; LSCC Warden Joseph Meko; and the KDOC Commissioner, LaDonna Thompson.

## RELIEF REQUESTED

Plaintiff seeks damages.

## ALLEGATIONS

Blevins has submitted a completed complaint form, attached pages, and exhibits. Record No. 1. The following is a summary or construction of the allegations presented in these documents.

Plaintiff alleges that on January 3, 2008, Defendant Howard ordered him and another inmate, Joshua Rector, to submit to a strip search in the institutional kitchen with no protection for their privacy. When they had obeyed and the officer had just handed them back their underwear, an AraMark employee named Amanda Harman[1] opened the door and walked into the area. Blevins states that he had worked with her in the kitchen; she immediately turned around and locked the door; and he immediately pulled his boxers up. However, the inmates were humiliated nonetheless.

Evidently both of the prisoners filed grievances about the incident, and Plaintiff's exhibits

---

[1]  Elsewhere in the Plaintiff's initial documents, her last name is spelled "Harmon."

consist of some of the documents exchanged in the grievance process.  They reveal that Blevins pursued a grievance numbered 08-011-02, and he supplies the documents exchanged in the grievance process at the levels of the staff and the grievance committee.  The institutional response was, "Staff have been reminded to conduct a strip search in a private setting.  And to also treat them in a professional manner."

The last administrative document with this same grievance number contains Plaintiff's initials and the date of February 11, 2008 beside the following option, which he has checked:  "I wish to appeal this decision to the Commissioner."   Plaintiff does not supply any additional documents to demonstrate that he filed an appeal to the Commissioner.  Rather, he attaches Inmate Rector's appeal to the Commissioner in Grievance No. 08-011-01 and Commissioner Thompson's April 7, 2008 response to Rector.

Plaintiff admits that Defendant Howard had a right to conduct a pat-down search of kitchen workers for foodstuffs, but he contends that a strip search was unauthorized under state regulations. Further, it was unconstitutional in that it was conducted without locking the door to the outside or taking any other measures for the inmates' privacy; and was for no legitimate penal purpose. Because he was not satisfied that a reminder was all that was done, plaintiff filed the instant lawsuit seeking "[m]onetary awards in the amount of $ 350.000.00 for Nominal damages [and] Punitive damages in the amount of $ 350.000.00," as well as injunctive relief to bar any retaliation against him for filing this action.

## DISCUSSION

The *pro se* Complaint filed herein has several deficiencies.  First, it is not clear that the prisoner-plaintiff satisfied a precondition to suit.  As part of the Prison Litigation Reform Act of

1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 §§ 801-810 (effective April 26, 1996), several federal statutes were amended and one now requires that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although the instant Plaintiff has shown that he began an administrative grievance, he has not demonstrated that he properly pursued the grievance process to exhaustion, that is, with his own appeal to the KDOC Commissioner. *See Woodford v. Ngo*, 548 U.S. 81 (2006). This is not fatal to his claim today, however. *Jones v. Bock,* ____ U.S. ____, ____, 127 S.Ct. 910, 920-921 (2007).

Turning its attention to the alleged event, the Court is troubled not only by how the incident happened to these prisoners but also by whether a non-injurious incident occurring to a prisoner is compensable. Blevins pleads that he was "uncomfortable" and "humiliated," but he claims no physical injury. The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 659 (6th Cir. 1994) (citing *Doe v. Sullivan County, Tennessee*, 956 F.2d 545, 550 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 187 (1992); *see also Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305-308 (1986)).

In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Another PLRA amendment to Section 1997e requires that for lawsuits by institutionalized persons, the injury must be "physical" in order to permit recovery:

4

      (e)     Limitation on recovery
           No Federal civil action may be brought by a prisoner confined in a jail,
prison, or other correctional facility, for mental or emotional injury suffered while
in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).  Because the instant Plaintiff is a prisoner, to the extent that he demands

compensatory damages for the alleged mental and/or emotional injury of humiliation without a prior

showing of physical injury from the incident, his demands are barred by the plain language of the

statute.

      A very similar case was brought in this Court a few years ago.  Summary judgment was

granted to the Section 1983 defendants on an Eighth Amendment strip search claim in *Roden v.

Sowders*, Frankfort Civil Action No. 01-CV-082-JMH, and the Plaintiff appealed.  The Sixth Circuit

affirmed, agreeing that the Plaintiff had failed to state an Eighth Amendment claim, cited 42 U.S.C.

§ 1997e(e), and adding, "In any event, even if this conduct could be deemed cruel and unusual

punishment, it is doubtful that recovery of damages can be had absent a showing of physical injury."

*Roden v. Sowders*, 84 Fed.Appx. 611, 614, 2003 WL 23140063 (6th Cir. 2003) (unpublished).

      Two years later, in *Black v. Franklin County, Kentucky*, 2005 WL 1993445, *6 (E.D.Ky.

2005) (unpublished), this Court, the Hon. Joseph M. Hood again presiding, wrote that the plaintiff

offered no authority for *not* applying Section 1997e(e) to the strip search claim; dismissed the claim

for the prisoner's failure to allege physical injury; and specified that the § 1997e(e) dismissal was

with prejudice.  The same year, a sister district court in this circuit granted dismissal in a public strip

search case on qualified immunity grounds, because it could not be said that there is an established

right to be strip searched in private.  *Booker v. Horton*, 2005 WL 1862083 (W.D.Ky. 2005) (not

reported).

      Just last month, faced with a motion to dismiss in the case of a public area strip search which

took place in front of approximately 100 persons at the prison, a district court in another circuit noted with regard 42 U.S.C. § 1997e(e), "the Tenth Circuit has applied this limitation of the PLRA to claims under the Eighth Amendment." *Sue v. Milyard*, 2008 WL 4425981 at *1 (D.Colo. September 24, 2008) (slip op.) (citing *Clifton v. Eubank*, 418 F.Supp.2d 1243, 1252 (D.Colo. 2006), which had cited *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999)).

Moreover, in interpreting this statute against prisoners' complaints, courts have required that the injury be more than *de minimus*. *See, e.g., Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Zehner v. Trigg*, 952 F.Supp. 1318 (S.D. Ind. 1997) (no physical injury from asbestos in the air requires dismissal, without prejudice to plaintiff's right to later satisfy the physical injury requirement). Plaintiff Blevins alleges no physical injury at all. Therefore, his federal claims are barred.

Plaintiff has also urged claims arising under Kentucky law. He claims that the strip search violated promulgated KDOC regulations and occurred as the result of negligence. It is true that federal district courts have discretion as to whether to entertain pendent jurisdiction over state claims which are filed in connection with and arising out of the same facts as Section 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987).

However, when the federal claims against the defendants should be dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 2001) ("[T]he ususal course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment"); and 28 U.S. C. § 1367(c)(3) (outlining the circumstances in which a

6

district court can decline to exercise supplemental jurisdiction).

Such is exactly the current circumstance.  Because Plaintiff's federal claims will be dismissed for the reasons stated herein, the Court will decline jurisdiction over the state claims. Therefore, to the extent that Plaintiff has presented state law claims herein, they will be dismissed, the dismissal to be without prejudice to Plaintiff's timely bringing any of these state claims in state court.

Accordingly, the Court being advised, **IT IS ORDERED**, *sua sponte*, that this action is **DISMISSED WITHOUT PREJUDICE**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This October 27, 2008.

Signed By:

_Henry R Wilhoit Jr._

United States District Judge